UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PETROBRAS SECURITIES LITIGATION<br><br>This Document Applies To:<br><br>*Al Shams Investments Ltd., et al. v. Petróleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-6243 (JSR)<br><br>*Ohio Public Employees Retirement System v. Petróleo Brasileiro S.A. – Petrobras, et al.,* No. 15-cv-03887 (JSR)<br><br>*Washington State Investment Board v. Petróleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-03923 (JSR)<br><br>*Central States, Southeast and Southwest Areas Pension Fund v. Petróleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-03911 (JSR) | No. 14-cv-9662 (JSR) |

**PRICEWATERHOUSECOOPERS AUDITORES INDEPENDENTES'
NOTICE OF MOTION TO DISMISS FOUR INDIVIDUAL ACTIONS**

PLEASE TAKE NOTICE that, upon the Memorandum of Law of Pricewaterhouse-Coopers Auditores Independentes ("PwC Brazil") in Support of its Motion to Dismiss Four Individual Actions, the undersigned will move this Court before the Honorable Jed S. Rakoff, United States District Judge at the United States Courthouse located at 500 Pearl Street, New York, New York, 10007, on March 1, 2016, at 11:00 a.m., or at such other date and time determined by the Court, for an Order pursuant to Federal Rules of Civil Procedure 8(a), 9(b), 12(b)(1), and 12(b)(6) granting PwC Brazil's motion to dismiss with prejudice all claims directed against it in the operative complaints filed in the above-captioned individual actions: (1) *Al Shams Inv. Ltd.* ("Al Shams"), Am. Compl. (Nov. 9, 2015) (ECF 25); (2) *Ohio Pub. Empl. Ret. Sys.* ("OPERS"), Am. Compl. (Oct. 29, 2015) (ECF 30); (3) *Wash. State Inv. Bd.* ("WSIB"), Sec. Am. Compl. (Nov. 2, 2015) (ECF 51); and (4) *Central States, Southeast and Southwest Areas*

*Pension Fund* ("Central States"), Compl. (May 21, 2015) (ECF 1), and for such other relief as this Court may deem just and proper.[1]  As set forth more fully in its Memorandum of Law, PwC Brazil moves to dismiss all claims asserted against it in these individual actions as follows:

(1) The Al Shams Plaintiffs' claim for alleged violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder fails because they have not pleaded with particularity facts giving rise to a strong inference of PwC Brazil's scienter, and because the Al Sham Plaintiffs have not adequately alleged loss causation as to PwC Brazil;

(2) The Al Shams Plaintiffs' claim for alleged violations of Section 18 of the Exchange Act fails because they have not pleaded facts showing that PwC Brazil's audit opinions were false or misleading statements in accordance with the Supreme Court's *Omnicare* decision, and because the Al Shams Plaintiffs do not plead facts showing their actual reliance on PwC Brazil's audit opinions;

(3) All the claims by one of the Al Shams Plaintiffs—Mr. Wafic Rida Saïd—should be dismissed because Mr. Saïd lacks standing;

(4) OPERS' and WSIB's claims for alleged violations of Section 11 of the Securities Act fail because neither OPERS nor WSIB has adequately alleged that it purchased Petrobras Notes in domestic transactions and because OPERS and WSIB have not pleaded that PwC Brazil's audit opinions were subjectively false or otherwise amounted to factual misstatements or omissions under Section 11 and *Omnicare*;

---

[1] PwC Brazil appears voluntarily in the above-captioned actions and not pursuant to any plaintiff's service of the Complaint by means other than through the Inter-American Convention on Letters Rogatory, which is the exclusive method of service under Brazil law.  PwC Brazil respectfully disagrees with the Court's November 2, 2015 Order granting Plaintiffs' Motion for Alternative Service of Process.  However, in the interest of prompt resolution of this matter, PwC Brazil is not moving to dismiss for insufficient service of process.

(5) WSIB's negligent misrepresentation claim fails because WSIB is not among the limited group of persons who may bring this claim under *Restatement (Second) of Torts* § 552, and because WSIB fails to plead facts showing its actual reliance on PwC Brazil's audit opinions;

(6) Central States' Brazilian law claim, to the extent it has not been withdrawn, fails because (i) it is precluded by the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb; (ii) Brazilian choice of law principles bar the Brazilian law claim; and (iii) Central States does not plead cognizable damages under Brazilian law.

As determined by the Court, Plaintiffs shall file any opposition to this motion by February 5, 2016, PwC Brazil shall file any reply by February 15, 2016, and oral argument is scheduled for March 1, 2016 at 11:00 a.m.

Dated: New York, New York
January 15, 2016

Respectfully submitted,

KING & SPALDING LLP

/s/ James J. Capra, Jr.
James J. Capra, Jr.
Israel Dahan
Lauren W. Mitchell
1185 Avenue of the Americas
New York, NY  10036-4003
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

Michael R. Pauzé (*phv* to be filed)
Kenneth Y. Turnbull (*phv* to be filed)
1700 Pennsylvania Avenue, NW
Washington, DC  20006-4707
Telephone:  (202) 737-0500
Facsimile:  (202) 626-3737

*Attorneys for Defendant PricewaterhouseCoopers Auditores Independentes*